UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NORTH BEND ASSOCIATES LLC, | Case No. C22-509RSM |
| Plaintiff, | ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES |
| v. | |
| CITY OF NORTH BEND, | |
| Defendant. | |

This matter comes before the Court on Defendant City of North Bend's Motion seeking to continue the trial date, discovery deadline, and other deadlines by six months. Dkt. #14. Neither party requests oral argument.

Trial is currently set for June 26, 2023. Dkt. #13. The deadline for discovery motions has passed. Discovery is to be completed on February 27. *Id*. There are four named attorneys (from two law firms) representing Defendant. *See* Docket.

Defendant provides the following reasons for its request:

> With a looming discovery cutoff in less than 30 days, approximately 20,000 documents have either been produced or are still under review, and at least three full set discovery requests are still not yet due between the parties. Added to that, on the last day to submit discovery requests, Plaintiff's counsel served notices and

ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 1

    subpoenas for six separate witness depositions, all without any attempt to schedule with defense counsel, and all scheduled over the course of a few days in February almost all of which are dates the undersigned defense counsel has indicated he is not available. Despite defense counsel's repeated requests, Plaintiff's counsel refuses to stipulate to any extension of the case schedule.

Dkt. #14 at 1. "Five of the six depositions are noted to take place on the five consecutive days leading up to and including the discovery cutoff." *Id.* at 7. The defense counsel who signed the instant Motion briefing could not get Plaintiff to agree to a continuance despite saying, "[m]y February is largely booked at this point." *Id.* Instead, Plaintiff's counsel replied, "we suggest another attorney should be able to defend depositions in your absence." *Id.* The defense attorney at issue is "not available the week of February 20th due to a planned trip with his family." *Id.* at 7.

    A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609. If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule. *Id.* However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id.* "Mere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." LCR 16(b)(5). Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court."

    Plaintiff opposes this Motion. Dkt. #16. It argues that Defendant's "failure to adhere to its discovery obligations" is not a valid basis for a trial continuance and that a six-month

ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 2

continuance would cause prejudice for various reasons. Plaintiff paints the following picture of Defendant's diligence:

> Defendant's request to continue the case schedule, made less than a month before the discovery cutoff, does not display diligence. Defendant failed to propound any of its own discovery in this matter until January 26, 2023: the second-to-last day it could do so under the case schedule. Bradford Decl. ¶ 8; Dkt. 13 at 1 (requiring discovery to be completed by February 27, 2023). It is apparent that Defendant seeks an extension of the case schedule to conduct its own additional discovery that it did not timely pursue. Dkt. 15-4 at 3 (email from Defendant's counsel dated January 24, 2023 noting that it would be issuing discovery "in the next day or so, too, and will also want depositions"). Defendant faults Plaintiff for issuing multiple sets of discovery, but Plaintiff's discovery was properly in advance of the discovery cutoff, and is not unduly burdensome: Plaintiff has issued a total of 20 interrogatories and 21 requests for production, Bradford Decl. ¶ 7, and Defendant has not sought a protective order as to any of this discovery.

Dkt. #16 at 7.

It is clear that both parties delayed making discovery requests in this case. However, Defendant as the moving party has the burden to demonstrate its diligence in pursuing and responding to discovery and has failed to do so. The reasons presented in its Motion tend toward "mere failure to complete discovery within the time allowed," or speculation about potential future issues with discovery. Defense counsel should not have been surprised that a rush of discovery events would occur right before the discovery cut-off and the failure to plan for that reflects a lack of diligence. It remains unclear to the Court why discovery cannot be accomplished by the existing deadline given the number of defense attorneys and the legal resources available to Defendant. Although Defendant has not failed to engage in discovery, it has failed to demonstrate diligence at this moment, the end of discovery.

The Court finally notes that the length of the requested continuance is excessive.

ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 3

Given all of the above, and having reviewed the briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion, Dkt. #14, is DENIED. To the extent the parties would benefit from a short extension of just the discovery deadline the Court expects the parties to consider that possibility in good faith and to submit a stipulated motion.

DATED this 15th day of February, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR EXTENSION OF CERTAIN DEADLINES - 4